WRIGHT v. CLARK et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8671.  Decided Mar. 19. 1928.

(Ferneding, PJ., Kunkle and Allread, JJ., of the 2nd Dist., sitting.)

First Publication of This Opinion.

Syllabus by Editorial Staff.

797.  MUNICIPAL CORPORATIONS — 865. Office & Officers.
Unlawful for village engineer to have any private contract with village. Not necessary, in action under 3808 GC., to recover money unlawfully paid to village engineer, to allege fraud or excessive charges.

Error to Common Pleas.

Judgment affirmed.

Paul Howland and Ralph A. Snow, Cleveland, for Wright.
Thompson, Hine & Flory, Jerome C. Fisher, and T. E. Lipscomb, Cleveland, for Clark et.
STATEMENT OF FACTS
This action was brought by a certain taxpayer in the Village of Bedford against Bayard T. Wright to recover the amount of certain bills in his favor allowed and paid by the Village Council. Upon the trial there was a judgment in the Court of Common Pleas against Bayard T. Wright for $13,770.63. The defendant prosecutes error.
BY THE COURT
"The plaintiff relies upon Section 3808 General Code.

"It appears that Bayard T. Wright was employed by the Village of Bedford as an engineer and that in addition to his compensation as an engineer he presented bills based upon personal contracts with himself for cinders and other small contracts amounting to less than $500.00 in each item.

"The plaintiff relies upon Section 4364 General Code.

"A resolution of council provided for the employment of Wright as Engineer.

"Each duty prescribed in this resolution covers a duty within the contemplation of the Statute, Section 4344 GC., so that the question really is whether under this resolution of council, the council undertook to create the office of engineer and fixed the compensation therefor. It will be observed that the office of engineer was created by Section 4363 GC., and prior statutes refer to the position of Village Engineer as an office, and this construction placed upon the statute would be sufficient under Section 3808 GC., to make it unlawful for the engineer to have any private contracts with the Village.

"The claim is made that there is no fraud or excessive charges set forth in the petition or evidence against the plaintiff in error. We think that no such claim is necessary. The statute was enacted to prevent the allowance of such claims and to recover back the amount of money involved therein. We therefore hold that the judgment of the court below was proper."

Ferneding, Kunkle and Allread, JJ., concur.